## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALBERTO BORREGO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-18-1044-D** |
| | ) |
| **CORE CIVIC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Alberto Borrego, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court **DISMISS** the Complaint.

## I.    SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## II.    STANDARD OF REVIEW

The Court must accept Mr. Borrego's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff.

*See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Borrego is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

## III.   PLAINTIFF'S ALLEGATIONS/NAMED DEFENDANTS

The basis of Plaintiff's Complaint concerns two incidents which occurred at Cimarron Correctional Facility (CCF) during Mr. Borrego's incarceration there. (ECF Nos. 1:5; 1-1; 1-2). In the style of the Complaint, Plaintiff names Core Civic, the company which operates CCF, as a Defendant;[1] and in the body of the Complaint, Plaintiff names four additional Defendants, all employees of CCF: (1) Raymond Byrd, warden of the facility; Kimberly Sullivan, case manager; FNU Gillespie, unit manager; and Sargent Plyrd, head of the Security Threat Group (STG). (ECF Nos. 1:2-3; 1-1:6). Plaintiff sues these Defendants in their official capacity only. (ECF No. 1:2-3).

In "Claim One," Plaintiff alleges that on July, 9, 2018, Defendants Byrd, Sullivan, Gillespie, and Plyrd[2] moved "affiliated" Hispanics—"Surenos"— to the same pods as "non-affiliated" Hispanics, after being advised against doing so, due to a threat of potential

---

[1] *See* www.corecivic.com/facilities.
[2] Plaintiff also states that "Chief of Unit Managers Hilagos" was involved in the move. (ECF No. 1-1:6). But Plaintiff has not separately named FNU Hilagos as a Defendant.

violence occurring between the two groups. (ECF No. 1-1:1-2, 5-6). That evening, a fight occurred, and Mr. Borrego became involved, because he had been wrongly identified as an "affiliated" "Paisa"—apparently a rival gang to the "Surenos." (ECF No. 1-1:2, 10-11).

In "Claim Two," Mr. Borrego alleges that on August 13, 2018, "staff members put two different STG Groups in the same cage which resulted in a fight between the two STG Groups," once again involving Plaintiff. (ECF No. 1-2:1, 5-7, 11). During the fight, Plaintiff claims that he was attacked and his involvement in the fight was self-defense. (ECF No. 1-2:1).

Mr. Borrego premises liability for both claims under the Eighth Amendment, alleging that the Defendants failed to protect him from harm. (ECF Nos. 1:3, 1-1:1-2; 1-2:1-2). As a result of the fights, Plaintiff alleges he suffered physical injury and psychological damage. (ECF Nos. 1:5, 1-1:7).

## IV.    DISMISSAL OF THE COMPLAINT

The Court should dismiss the claims against each of the five named Defendants.

### A.    Defendant Core Civic

In the style of the complaint, Plaintiff names Core Civic, the entity which operates CCF, as a Defendant. (ECF No. 1:1). Presumably, Plaintiff is attempting to hold liable Core Civic, based on the actions of the other four named Defendants, employees of CCF. But a private actor such as Core Civic cannot be held liable under § 1983 solely based on the actions of its employees. *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ); *see also Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) (collecting § 1983 cases involving private prisons such as those operated by CCA); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216

4

(10th Cir. 2003) (applying municipal direct-liability standard in § 1983 suit against private entity acting under color of state law and discussing inapplicability of vicarious liability). To state a claim upon which relief may be granted under § 1983 against Core Civic, Plaintiff must allege: (1) an official policy or custom of Core Civic; (2) which caused a violation of Plaintiff's federal right(s); and (3) which "was enacted or maintained with deliberate indifference to an almost inevitable" federal right(s) violation. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–71 (10th Cir. 2013). Mr. Borrego has alleged no allegations against Core Civic, much less any official policy or custom of Core Civic which was responsible for the violation of his Eighth Amendment rights. *See* ECF No. 1. Accordingly, the Court should dismiss any claims against Defendant Core Civic.

### B.   Defendants Byrd, Sullivan, Gillespie, and Plyrd

As stated, Plaintiff raises an Eighth Amendment claim against Defendants Byrd, Sullivan, Gillespie, and Plyrd, employees of CCF, a private prison owned and operated by Core Civic. Mr. Borrego raises claims against these Defendants in their official capacities only, but such claims cannot stand. As employees of a private prison, Defendants Byrd, Sullivan, Gillespie, and Plyrd are not state officials, and official capacity claims cannot be asserted against them. *See Jones v. Barry*, 33 F. App'x 967, 971, n.5 (10th Cir. 2002) ("the CCA defendants are not state actors, and they do not have an "official capacity."); *Alamiin v. Patton*, No. CIV-13-1001-F, 2016 WL 7217857, at \*6 (W.D. Okla. Dec. 13, 2016) ("As employees of a private prison, they are not state officials, and official capacity claims cannot be asserted against them."). Thus, the Court should dismiss the claims against Defendants Byrd, Sullivan, Gillespie, and Plyrd with prejudice. *See Miskam v.*

5

*Sherrod*, No. CIV-14-0646-HE, 2015 WL 4717105, at *3 (W.D. Okla. Aug. 7, 2015) (dismissing official capacity claims against private prison employees with prejudice).

## V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should: (1) dimiss the claims against Defendant Core Civic without prejudice and (2) dismiss the claims against Defendants Byrd, Sullivan, Gillespie, and Plyrd with prejudice.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **January 14, 2019**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.   STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on December 27, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

6